IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CT-3237-F

| | |
|---|---|
| AUDWIN PIERRE LINDSAY, JR. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TWELFTH JUDICIAL DISTRICT ) <br> COURT DIVISION, STATE OF NORTH ) <br> CAROLINA, ) <br> ) <br> Defendant. ) | **ORDER** |

On September 30, 2013, Plaintiff, an inmate in the custody of the State of North Carolina, filed this action under 42 U.S.C. § 1983. Compl. [DE-1]. Plaintiff seeks to proceed in forma pauperis under 28 U.S.C. § 1915 [DE-2], and the matter is now before the court for frivolity review pursuant to § 1915(e)(2)(B).

Section 1915 provides that courts shall review complaints in which prisoners seek to proceed without prepayment of the civil filing fee and dismiss any case that is "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); see Neitzke v. Williams, 490 U.S. 319, 328 (1989). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325. Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must

be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not dispense with the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atlantic Com. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677-80 (2009); Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255-56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

When Plaintiff originally filed his complaint, he was a pretrial detainee at Cumberland County Detention Center ("Cumberland"). Compl. [DE-1], pp. 1, 3. He has since been convicted of first degree murder and is now incarcerated at Maury Correctional Institution. See N.C. Dep't of Pub. Safety, http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=1412188&searchLastName=Lindsay&searchFirstName=Audwin&listurl=pagelistoffendersearchresults&listpage=1 Offender Pub. Info., (last visited June 25, 2014). Plaintiff asserts that his detention at Cumberland "flagrantly violated" his constitutional rights because "[p]unishment . . . [was] inflicted upon [him] without a conviction." Compl. [DE-1], p. 3. As relief, he seeks "a dismissal with prejudice of all charges and compensation of $300,000." Id. at 4.

To the extent Plaintiff seeks to have his sentence vacated and to be released from prison, 28 U.S.C. § 2254 "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983 ." Heck v. Humphrey, 512 U.S. 477, 481 (1994). Accordingly, to obtain release from imprisonment, Plaintiff must bring his action in the form of a petition for a writ of habeas corpus pursuant to § 2254, after fully exhausting his administrative remedies. See 28 U.S.C.

2

Case 5:13-ct-03237-F  Document 9  Filed 06/25/14  Page 2 of 4

§ 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).[1]

To the extent Plaintiff seeks monetary damages, Plaintiff's success on his claims would necessarily imply the invalidity of his conviction or sentence. However, because Plaintiff has not demonstrated to the court that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," he may not recover damages for the alleged constitutional deprivations he attributes to Defendant. Heck, 512 U.S. at 486-87. Accordingly, his claims are not cognizable under § 1983.[2] Id.

For these reasons, Plaintiff's claims are frivolous and his complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Plaintiff's pending "motion for speedy process" [DE-6] is DENIED AS MOOT. The Clerk of Court is DIRECTED to close this case and to send Plaintiff the necessary forms to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

---

[1] A district court may recharacterize a true habeas matter which has been improperly filed by a pro se litigant as some other sort of pleading. See Castro v. United States, 540 U.S. 375, 383 (2005). In this instance, the court finds that recharacterizing Plaintiff's § 1983 complaint as a habeas corpus action under 28 U.S.C. § 2254 is inappropriate. See Young Bok Song v. Gipson, 423 F. App'x 506, 509-10 (6th Cir. 2011) (unpublished decision) (finding there is no affirmative duty of the district to recharacterize improperly styled pleading). The only Defendant named by Plaintiff in this suit would not be a proper respondent in any putative habeas corpus action. See Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section 2254; see also Kirk-Bey v. U.S. Cong., No. 1:14-CV-00053-MOC, 2014 WL 931113, at *2 (W.D.N.C. Mar. 10, 2014) (noting that a habeas corpus petition under § 2254 must name a state respondent in whose custody plaintiff is presently found).

[2] Moreover, Defendant has not named a proper Defendant in this action. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (noting that the State does not constitute a "person" subject to suit under § 1983).

3

SO ORDERED. This the 25 day of June, 2014.

                           _James C. Fox_
                           JAMES C. FOX
                           Senior United States District Judge